UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
ANTHONY IANNUZZI, :
: **ORDER REGULATING**
Petitioner, : **SECTION 2255**
: **PROCEEDINGS**
-against- :
: 07 Civ. 1081 (AKH)
THE UNITED STATES OF AMERICA, :
:
Respondent. :
:
---------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

      Petitioner Anthony Iannuzzi has filed a petition for review of his judgment of conviction pursuant to 28 U.S.C. § 2255. Petitioner's judgment of conviction was entered on January 17, 2006, and he filed a Notice of Appeal on January 20, 2006. By order of July 27, 2006, the Second Circuit Court of Appeals granted Petitioner's motion to hold his direct appeal in abeyance pending determination of a motion to this Court pursuant to Section 2255. By his Section 2255 motion, filed February 13, 2007, Petitioner alleges that his trial counsel did not fairly advise him regarding the potentially lesser sentence he might have expected had he pleaded guilty and cooperated with the prosecutor, and instead caused him to insist that the case against him be tried, falsely representing to him that his chances of gaining acquittal were high, while also failing to convey all offers of settlement tendered by the government. Petitioner argues that he was therefore denied effective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution.

      Before I consider whether or not to order the government to file an Answer and Opposition, 28 U.S.C. § 2255, I advise Petitioner of the following, and instruct his present counsel to assure that Petitioner has considered and understands the consequences of these points:

1

1. The instant petition for review under 28 U.S.C. § 2255 may foreclose any later petitions for review, even on different grounds. See id. (precluding "second or successive motion" unless certified by appellate court panel to contain a claim under a newly established constitutional rule or newly discovered evidence clearly and convincingly demonstrating innocence); e.g., Poindexter v. Nash, 333 F.3d 372, 378-79 (2d Cir. 2003).

2. Petitioner's argument, that he suffered prejudice because he chose to have a trial instead of pleading guilty, impliedly admits that he, in fact, was guilty. He could not have pleaded guilty unless he admitted under oath that in fact he was guilty of the material allegations of the indictment that were the basis of his trial. The admission of guilt, prior to final determination of his judgment of conviction, may adversely affect petitioner's rights.

3. Petitioner's success on the grounds asserted—that he was denied effective assistance of counsel in the course of plea negotiations and in the failure of his counsel to report to him all plea offers from the government, leading to his plea of guilty in lieu of trial—would not necessarily mandate a new trial. The Court must tailor the remedy to the injury suffered, and one such remedy would be a re-sentencing. See United States v. Morrison, 449 U.S. 361, 364 (1981); United States v. Gordon, 156 F.3d 376, 381-82 (2d Cir. 1998); Boria v. Keane, 99 F.3d 492, 498-99 (2d Cir. 1996); Shiwlochan v. Portuondo, 345 F. Supp.2d 242, 264-65 (E.D.N.Y. 2004).

4. If a hearing on the Petition is held, the hearing probably will involve testimony by his former lawyer, potentially compromising by waiver petitioner's attorney-client privilege. See United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991) (holding privilege waived where defendant asserted good faith belief in legality of actions as defense, requiring

2

evaluation of advice received from attorney); In re von Bulow, 828 F. 2d 94, 101-02 (2d Cir. 1987) (noting that testimony as to part of privileged conversation waives privilege as to remainder, stating, "it has been established law for a hundred years that when the client waives the privilege by testifying about what transpired between her and her attorney, she cannot thereafter insist that the mouth of the attorney be shut) (citing Hunt v. Blackburn, 128 U.S. 464, 470-71 (1888)); United States v. Amlani, 169 F.3d 1189, 1195-96 (9th Cir. 1999) (finding waiver of privilege in challenge to criminal conviction, holding, "Amlani cannot assert that certain factors caused him to discharge his attorney and then invoke the attorney-client privilege to prevent the government from examining the situation further . . . 'The privilege which protects attorney-client communications may not be used both as a sword and a shield.'") (quotations omitted).

In light of these matters, Petitioner shall state, by a supplemental pleading to be served and filed by May 14, 2007, whether he wishes to pursue his Petition or reinstate his appeal on the record of his trial and judgment of conviction. Petitioner may also file any supplement to his petition for review.

If Petitioner wishes to proceed with this petition for a writ pursuant to 28 U.S.C. § 2255, the Court will call a conference to regulate the taking of testimony, either by deposition or at an evidentiary hearing before the Court.

SO ORDERED.

Dated:     New York, New York
               April 23, 2007

ALVIN K. HELLERSTEIN
United States District Judge

3