# MANDATE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  04/13/2010

06-0548-cr
United States v. Iannuzzi

**04cr0367(AKH)**

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of March, two thousand ten.

PRESENT:
        DENNIS JACOBS,
                _Chief Judge_,
        ROSEMARY S. POOLER,
        REENA RAGGI,
                _Circuit Judges_.

_____

United States ,
      _Appellee_,

        v.

Anthony Iannuzzi,
      _Appellant._

_____

06-0548-cr, 06-0582-cr
NAC

(Stamp: UNITED STATES COURT OF APPEALS FILED MAR 1 1 2010 Catherine O'Hagan Wolfe, Clerk SECOND CIRCUIT)

FOR APPELLANT:        Roland Acevedo, Seiff Kretz & Abercrombie, New York, NY.

FOR APPELLEE:        Deidre A. McEvoy (Guy Petrillo on the brief) of counsel to Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

UPON DUE CONSIDERATION it is hereby **ORDERED, ADJUDGED, AND DECREED** that the decision of the district court be **AFFIRMED.**

MANDATE ISSUED ON 04/12/2010

Anthony Iannuzzi ("Iannuzzi") appeals from a judgment entered in the United States District Court for the Southern District of New York (Alvin K. Hellerstein, J.) on January 17, 2006. The first indictment, issued on April 20, 2004, charged Iannuzzi with conspiracy to commit wire and bank fraud in violation of 18 U.S.C. § 371, and wire fraud in violation of 18 U.S.C. § 1343. The second indictment, filed on February 9, 2005, charged Iannuzzi with conspiracy to commit the aforementioned crimes. On January 12, 2006, Judge Hellerstein imposed a sentence of sixty months with respect to the first indictment, and a consecutive thirty month term on the second indictment.

On appeal, Iannuzzi argues that the district court abused its discretion and imposed an unreasonable sentence by 1) concluding that the loss amounts exceeded $1 million dollars, 2) finding that he employed "sophisticated means" during the offence, and that the offence involved more than fifty victims, and 3) failing to consider the disparities in the sentences between appellant and similarly situated co-conspirators. We assume parties' familiarity with the facts, the proceedings below, and the specification of the issues on appeal.

We review a sentence imposed by a district court only for "reasonableness" and identify an abuse of discretion regardless of whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Jones, 531 F.3d 163, 170 (2d Cir. 2008) (citing United States v. Booker, 543 U.S. 220 (2005) and Gall v. United States, 552 U.S. 38 (2007)). We first ask whether the challenged sentence was imposed without procedural error, and then we consider if, under the totality of the circumstances, the sentence was reasonable. United States v. Williams, 524 F.3d 209, 214 (2d Cir. 2008).

In Gall, the Supreme Court identified several factors that can render a sentence unreasonable: "(1) 'failing to calculate (or improperly calculating) the Guidelines range,' (2) 'treating the Guidelines as mandatory," (3) 'failing to consider the [18 U.S.C.] § 3553(a) factors,' (4) 'selecting a sentence based on clearly erroneous facts,' or (5) 'failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.'" Jones, 531 F.3d at 170 (quoting Gall, 552 U.S. at 50-53).

In determining whether a defendant is liable for jointly undertaken criminal activity, a district court must first determine the "scope of the criminal activity agreed upon by the defendant." United States v. Mulder, 273 F.3d 91, 118 (2d Cir. 2001) (internal citation and quotation marks omitted). Second, and "only if it finds that the scope of the activity to which the defendant agreed was sufficiently broad to include the conduct in question . . . [then] the court must make a particularized finding as to whether the activity was foreseeable to the defendant." Id. (internal citation and quotation marks omitted). A district court is more likely to find that an enterprise was jointly undertaken if defendants "pool their profits and resources," and also considers "the defendant['s] assist[ance] in designing and executing the illegal scheme." Id.

We find no error with respect to the district court's determination that Iannuzzi agreed to

the scope of the criminal conduct at issue. One of Iannuzzi's business partners, Stephen Moore ("Moore"), who was also the government's principal witness, testified at trial that Iannuzzi was opposed to the "points for cash" scheme at its inception. Moore, however, also testified that Iannuzzi later changed his mind and agreed to the "points for cash scheme." All of the trades that were part of the "points for cash" scheme passed through Itrade accounts, and Iannunzzi, as an owner of Itrade, enjoyed a financial benefit from these trades. Iannuzzi's sustained involvement in the scheme, which was substantially documented in the record, supports the district court's decision with respect to the scope of his agreement to the crimes.

We do not accept Iannuzzi's argument that the district court erred in finding that the one-million dollar loss amount was foreseeable as part of its Guidelines analysis. A district court need only make a "reasonable estimate" of the loss amount. U.S.S.G. § 2B1.1 comment n3.C; United States v. Carborni, 204 F.3d 39, 47 (2d Cir. 2000). Under Section 1B1.3(a) of the Guidelines, the loss amount attributable to a defendant includes not only the "acts and omission committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by defendant," id. (1)(A), but also, "in the case of jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity . . . .," Id. (1)(B). Under Guidelines Section 2B.1, the sentencing court measures the loss as the greater of the intended loss and actual loss. Intended loss includes not only the loss "that was intended to result form the offense," and also "pecuniary harm that would have been impossible or unlikely to occur . . . ." Id. cmt 3(A)(ii).

There was ample evidence in the record to support the district court's estimate of the intended loss amount. Iannuzzi admitted, on tape, for example, that Itrade was liable to its customers for approximately $1.64 million. Iannuzzi later acknowledged that Itrade only had $814,575 in cash reserves at that time. Consequently, we reject Iannuzzi's arguments challenging the district court's estimate of the loss amount as more than $1 million.

Iannuzzi next challenges the district court's determination that an adjustment pursuant to Guidelines Section 2B1.1(b)(2) was appropriate, because the offense involved more than 50 victims. Even if we were to agree with defendant that 63 of the victims were improperly included in the calculation of the total number of purposes for this Guidelines adjustment, there would still have been significantly more than fifty victims to the scheme. We therefore find no error in the district court's determination of the number of victims.

We do not accept Iannuzzi's argument that the district court erred in applying a two-level sophisticated means enhancement pursuant to Guidelines Section 2B1.1(b)(9), because the nature of his involvement in the scheme was not sophisticated. We have found that "even if each step in the scheme was not elaborate," where "the total scheme was sophisticated in the way all the steps were linked together," a sophisticated means enhancement may be properly applied. United States v. Jackson, 346 F.3d 22, 25 (2d Cir. 2003), vacated on other grounds sub nom., Lauerson v. United States, 543 U.S. 1097 (2005). We cannot find error in the district court's determination that the "points for cash" scheme was complex enough to warrant the addition of a sophisticated means enhancement.

3

Finally, we reject the defendant's contention that the district court erred when it imposed a different sentence upon the defendants who carried out the "points for cash" scheme. Under 18 U.S.C. § 3353(a)(6), district courts are instructed to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." We have held that a district court may impose different sentences on defendants under Section 3353(a)(6) if defendants are not similarly situated. United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006). We find that the district court did not err in imposing lighter sentences upon Moore, who was a cooperating witness, and the other defendants, who were not convicted as part of the same scheme at Itrade.

We have considered Iannuzzi's other claims on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit